900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Junior SHIELDS, Defendant-Appellant.
 No. 89-5220.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 27, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (89-26-01-D)
 E. Raymond Alexander, Jr., Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 It is a commonplace that a jury finding of guilt should be affirmed if such a result could have been reached by a reasonable finder of fact. Glasser v. United States, 315 U.S. 60 (1942). The correctness of that statement is not contested by Thomas Junior Shields who was tried for and convicted of knowingly possessing in commerce and affecting commerce, a firearm, after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Shields asserts that the judgment of conviction should be set aside and a new trial be awarded because the judgment is against the weight of the evidence.
 
 
 2
 Unfortunately, from Shields' point of view, credibility is still an aspect for the jury and we may not disturb a jury's credibility judgments. Instead, our task is limited to determining whether there is support for the jury's findings. Shields entered a house and was seen with a gun which was fired in the vicinity of occupants. Questions as to the alertness of witnesses and the circumstances of firing of the weapon were for the jury to decide. Therefore, we affirm his conviction.
 
 
 3
 Shields also seeks to appeal the district court's determination that the shooting by Shields constituted assault with intent to commit murder under Sentencing Guidelines Manual Section 2A2.1 and Section 2K2.1. The district court's determination led to a base offense level of 20, increased by 5 levels for firing the weapon at persons, for a combined offense level of 25. Shields contends that the proper base offense level should have been 15 because the shooting should have been considered aggravated assault. Upon a review of the record, however, we are satisfied that the district judge was not clearly erroneous in finding that the shooting by Shields was assault with intent to commit murder.
 
 
 4
 Our review of the briefs and record has satisfied us also that they are sufficient and that we would not benefit from oral argument in the case.
 
 Accordingly, the judgment is
 
 5
 AFFIRMED.